J-S36007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL EDWARD GEORGE | : | |
| | : | |
| Appellant | : | No. 1255 WDA 2021 |

Appeal from the PCRA Order Entered September 24, 2021
In the Court of Common Pleas of Armstrong County
Criminal Division at No:  CP-03-CR-0000862-2019

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: MARCH 28, 2023**

Appellant, Michael Edward George, appeals from the September 24, 2021 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The record reveals that, on July 1, 2020, Appellant pled guilty to fleeing or attempting to elude a police officer, 75 Pa.C.S.A. § 3733(a.2)(2), a third-degree felony.  On August 7, 2020, the trial court imposed 6 to 36 months of incarceration, and Appellant was paroled after the expiration of his minimum term.  On July 13, 2021, while still on parole, Appellant again was charged with fleeing or attempting to elude police, this time as a second-degree

_____

[*] Retired Senior Judge assigned to the Superior Court.

misdemeanor under § 3733(a.2)(1). The new fleeing and eluding charge triggered a parole detainer on the conviction.

On August 12, 2021, Appellant filed a timely[1] first PCRA petition alleging that counsel was ineffective for advising him to plead guilty to felony fleeing and eluding on August 7, 2020. Appellant claims the underlying facts did not meet the elements of felony fleeing and eluding. The PCRA court conducted a hearing on September 23, 2021 and entered an order denying relief the following day. This timely appeal followed.

The PCRA court explained its decision as follows.

> At [Appellant's] plea hearing on July 1, 2020, the court confirmed on the record that [Appellant] understood the questionnaire, understood the charges against him, and the possible penalties associated with the charges. Furthermore, the Court confirmed with [Appellant] that he did in fact commit the act constituting each of the charges and that he was pleading guilty freely and voluntarily.

> Furthermore, the court notes the present petition was filed after [Appellant] pleaded guilty and was paroled from his minimum sentence. [Appellant] candidly admits new charges filed against him on July 12, 2021 are what prompted the filing of the present PCRA as he was facing a parole detainer and parole violation at the time of filing. Additionally, [Appellant] would face enhanced penalties on the new charges due to the prior conviction. Accordingly, the court finds the PCRA to be without merit and as such, fails the first prong of the ineffective assistance of counsel test. The court concluded the PCRA to be not for ineffective assistance of counsel, but rather the guilty plea's effect

---

[1] Appellant filed a timely post-sentence motion on August 12, 2021. The trial court denied the motion the following day. Appellant therefore filed the instant petition within one year of the date of finality of his judgment of sentence, in accord with 42 Pa.C.S.A. § 9545(b)(1).

on his current charges. Therefore, the court denied [Appellant's] petition.

PCRA Court Opinion, 2/7/22, at 5-6 (record citations omitted).

Appellant argues the PCRA court erred in considering Appellant's apparent ulterior motive for filing his petition and erred in finding no arguable merit to Appellant's allegation that counsel was ineffective. Appellant's Brief at 2. We confine our analysis to the lack of arguable merit in the petition, which we find to be dispositive. The following strictures govern our review:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015).

Counsel is presumed effective. To overcome this presumption, the petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis in support of the disputed action or inaction, and (3) that counsel's errors prejudiced the petitioner. *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on

whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Id.* (**quoting *Commonwealth v. Wah***, 42 A.3d 335, 338-39 (Pa. Super. 2012)). To establish that plea counsel's errors were prejudicial, the petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* (quoting ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002)).

As noted, Appellant claims his plea was invalid because counsel was mistaken as to the facts necessary to support felony fleeing and eluding, and because the Commonwealth's recitation of the facts at the plea colloquy did not support the felony grading. Section 3733 provides in pertinent part:

> (a) Offense defined.--Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).
>
> […]
>
> (a.2) Grading.--
>
> (1) Except as provided in paragraph (2), an offense under subsection (a) constitutes a misdemeanor of the second degree. Any driver upon conviction shall pay an additional fine of $ 500. This fine shall be in addition to and not in lieu of all other fines, court expenses, jail sentences or penalties.
>
> (2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or

- 4 -

attempting to elude a police officer does any of the following:

[…]

(iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

75 Pa.C.S.A. § 3733.

Appellant relies on *In re R.C.Y.*, 27 A.3d 227 (Pa. Super. 2011) for the proposition that "driving at a high rate of speed cannot, in and of itself, elevate a [fleeing and eluding] charge from a second degree misdemeanor […] to a third degree felony […]." Appellant's Brief at 7. Appellant claims, based on this Court's analysis in *R.C.Y.*, that a high-speed chase supports a conviction for felony fleeing and eluding only if the high-speed chase results in "extraordinary danger" to law enforcement or the public. Because the instant facts, in Appellant's view, do not demonstrate extraordinary danger to anyone, Appellant claims he was guilty only of misdemeanor fleeing and eluding. He concludes that plea counsel was ineffective for failing to explain these things to Appellant before advising him to plead guilty.

Appellant's argument fails because it rests on a misreading of *R.C.Y.* and because it ignores the plain language of § 3733(a.2)(2)(iii). In *R.C.Y.*, a police cruiser followed the defendant's car after observing several traffic violations and activated its lights after observing another. The defendant responded by running five stop signs, driving through a yard, and hitting a tree. *Id.* at 228. Several other police cars joined the chase, and at one point

- 5 -

the defendant hit one of them, pinning an officer's leg between the defendant's car and the patrol car. *Id.* The defendant was adjudicated delinquent of felony fleeing and eluding. He argued on appeal that the evidence was insufficient to support a felony conviction because he never travelled faster than 35 miles per hour. *Id.* at 229.

The *R.C.Y.* Court concluded that the legislature intended § 3733(a.2)(iii) to create enhanced penalties to better protect the public and police officers. *Id.* at 230. "High speed chase," according to the Court is a term of art merely requiring "a different level of danger from the run-of-the-mill dangers posed by merely failing to stop when signaled to do so by a police officer." *Id.* "In other words, the legislature included this term to indicate that the enhanced penalties applied only in cases where the defendant's actions created an **extraordinary danger** to the public at large or to police officers." *Id.* (emphasis added). The *R.C.Y.* court, over one dissent, concluded that the evidence was sufficient for the felony conviction because the defendant endangered a police officer through "the use of driving tactics that were anything but a run-of-the-mill failure to stop." *Id.* at 231.

At Appellant's guilty plea hearing, the prosecutor recited the following facts:

> At case No. 862 of 2019, in that case on August 23, 2019, Sargent Disciscio of Kiski Township Police Department was travelling on Route 56 when he saw a vehicle travelling on the double-yellow line and make a sharp, unsafe turn. The officer turned around and caught back up to the vehicle, this being

around 2:30 in the morning. He determined that the registration of the vehicle had expired and attempted a traffic stop.

At that time the officer received information that the registered owner of the vehicle, being Michael George, had an active arrest warrant for failure to appear on [an] earlier case at common pleas court. The traffic stop was conducted. The defendant failed to stop for the officer and a pursuit began which reached speeds over 100 miles an hour in multiple locations. The vehicle traveled on multiple roads at over 100 miles an hour, including S-bend turns. The vehicle then traveled onto State Route 210 and approached US Route 422 traveling through a stop sign without stopping. The officer eventually decided to terminate the pursuit about 15 minutes later for safety.

It was then later discovered that the vehicle was still traveling. The state police then assisted with the vehicle when it was found. The vehicle continued again for some time and eventually stopped. The driver, later identified as [Appellant], left the vehicle and ran on foot into a wooded area where he was taken into custody with the assistance of the Pennsylvania State Police. He apologized for his actions and said he did it because he knew he had a warrant.

N.T. Guilty Plea Hearing, 7/1/20, at 7-8.

In short, Appellant led a police vehicle on a chase at speeds of more than 100 miles per hour along several roads, in the process running a stop sign at the intersection of Routes 210 and 422. These facts plainly constitute a high speed chase endangering police officers and the public. *R.C.Y.* is inapposite, as the issue in that case was whether the evidence in support of a conviction under § 3733(a.2)(2)(iii) was sufficient even in the absence of evidence of high speed. Appellant admitted to the facts recited above, and therefore evidence of high speed is not at issue in this case. The *R.C.Y.* Court's statement that the legislature intended for § 3733(a.2)(2)(iii) to apply

only in cases of "extraordinary danger" is likewise unavailing for Appellant, as it must be considered in the context of that case. Under the analysis of the *R.C.Y.* Court, the phrase "high speed chase" as used in § 3733(a.2)(2)(iii) equates with "extraordinary danger," so that if an actual high speed chase does not occur, but the fleeing defendant otherwise places law enforcement (or the public) in extraordinary danger, the defendant is guilty of felony fleeing and eluding. Instantly, Appellant led police on a high speed chase, as per the express language of the statute. Because the term "high speed chase" equates with "extraordinary danger," *R.C.Y.* affords no basis for relief.

Finally, Appellant claims that an officer's observation of Appellant's rate of speed would not have been admissible in court. Appellant relies on *Commonwealth v. Cohen*, 605 A.2d 8145 (Pa. Super. 1992) wherein police testimony by itself, without a speed timing test, was insufficient to establish that the defendant was driving faster than the posted school zone speed limit. *Id.* at 818. *Cohen* held that laws establishing a maximum speed limit "must be enforced by a speed timing device." *Id. Cohen* is distinguishable, because § 3733(a.2)(2)(iii) does not require the Commonwealth to establish a precise rate of speed. Rather, as the *R.C.Y.* Court made clear, "high speed" is a term of art denoting a high level of danger. Here, Appellant **admitted** to leading the police on a chase at more than 100 miles per hour, crossing double lines, and running a stop sign in the process. The analysis is *Cohen* provides no basis for relief.

In summary, the facts that Appellant admitted at his guilty plea are more than sufficient to support his conviction for felony fleeing and eluding under § 3733(a.2)(2)(iii). Appellant's claim of ineffective assistance of plea counsel fails at the outset because the underlying issue lacks arguable merit— Appellant's arguments do not support a conclusion that plea counsel misinformed him. A failure to satisfy any prong of the ineffectiveness test is fatal to a claim. *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009). We discern no error on the part of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2023